IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | C/A No. 6:20-cv-04353-BHH-KFM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Apple, Inc.; Samsung Electronics, USA; LG Electronics, USA, Inc.; Qualcomm, Inc.; Motorola Solutions, Inc.; Panasonic Corporation; AT&T Inc.; Verizon Corporation Service Group; Sprint Corporation; T-Mobile USA, Inc.; Ford Global Technologies, LLC; Fairway Ford Lincoln of Greenville; General Motors Company; Kevin Whitaker Chevrolet; FCA US LLC; Big 'O' Dodge Chrysler Jeep Ram; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This is a patent infringement action filed by a non-prisoner proceeding *pro se*. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**REQUEST FOR RECUSAL**:

In the cover letter to the filing submitted to the court, the plaintiff appears to request recusal based upon disagreement with rulings by the undersigned in previous cases. As an initial matter, dissatisfaction with this Court's rulings does not entitle the plaintiff to recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Additionally, the plaintiff has failed to show that the undersigned has any direct, personal, substantial pecuniary interest in this matter. *See Tumey v. State of Ohio*, 273 U.S. 510, 523 (1927). Neither has the plaintiff shown that the undersigned has an actual, subjective bias, or that, objectively, the average judge in the undersigned's position would possess unconstitutional bias. *See Williams v. Pennsylvania*, 136 S.Ct. 1899, 1905 (2016) (internal citation omitted). As such, to the extent the plaintiff's cover letter can be construed as a request that the undersigned be recused, such a request is without merit and is denied.

**TO THE PLAINTIFF**:

This case is not in proper form for service at this time. **If the plaintiff does not bring this case into proper form within the time permitted by this Order, this case**

**may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.**

Under General Order *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), the undersigned is giving the plaintiff **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to:

1) Provide a complaint in compliance with this Order. Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

The voluminous complaint and exhibits submitted by the plaintiff, numbering more than 300 pages, do not comply with these requirements.[1] As such, the plaintiff's complaint and exhibits are being returned so that the plaintiff can provide a complaint in compliance with this order. *See Spencer v. Hedges*, 838 F.2d 1210, 1988 WL 9621, at *1 (4th Cir. 1988) (unpublished table decision) (affirming dismissal of a complaint where a plaintiff failed to provide a short and plain statement of a claim under Rule 8); *Hearn v. United States*, C/A No. 3:11-cv-00330, 2011 WL 9378210, at *1 (E.D. Va. June 13, 2011) (memorandum order) (recognizing a prior case where a plaintiff had unduly burdened the court with the filing of excessive and unnecessary frivolous documents); *see also Noonsab v. U.S. Dist. Ct. for the E. Dist. of N.C.*, C/A No. 5:16-CT-3112-FL, 2016 WL 9077878, at *2 (E.D.N.C. June 27, 2016) (warning a *pro se* plaintiff that unnecessary and excessive filings impede judicial efficiency and the administration of justice); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003) (affirming dismissal of complaint consisting of 155 pages and 99 attachments).

In light of the foregoing, the plaintiff is informed that the complaint submitted shall have a page limit of thirty-five (35) pages (including the court's standard complaint form). If the plaintiff submits a complaint that does not comply with the requirements set forth in this order, the Clerk of Court will return it unfiled to the plaintiff by United States Mail. **If the plaintiff does not provide a complaint that complies with this order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.**

No process shall issue until the items specified above have been reviewed by the assigned Magistrate Judge.

The plaintiff must place the civil action number listed above C/A No. 6:20-cv-04353-BHH-KFM) on any document provided to the Court pursuant to this Order. **Any**

---

[1] Of note, this is the plaintiff's third action in this court seeking damages for patent infringement from these defendants and his fifth action in total. *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-BHH (D.S.C.) (summary dismissal report and recommendation pending); *Golden v. Apple Inc., et al.*, C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), *aff'd* C/A No. 20-1508, 819 F. App'x 930 (Fed. Cir. 2020) (*mem.*) (dismissing the plaintiff's patent infringement action as frivolous) *petition for cert. filed* C/A No. 20-624; *Golden v. United States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), *dismissal aff'd* 955 F.3d 981 (Fed. Cir. 2020); *Golden v. United States*, C/A No 1:13-cv-00307-SGB (Fed. Cl.) (motion to dismiss sixth amended complaint pending).

**future filings in this case must be sent to the address below: (300 East Washington Street, Room 239, Greenville, South Carolina 29601).** Any future filings in this case must be sent to the Clerk's Office in Greenville (300 East Washington Street, Room 239, Greenville, South Carolina 29601). All documents requiring the plaintiff's signature shall be signed with the plaintiff's full legal name written in the plaintiff's own handwriting. *Pro se* litigants shall not use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, the plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text (at least 12 point sized font) on one side of a sheet of paper only, and not to write or type on both sides of any sheet of paper. The plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

The plaintiff is a *pro se* litigant. The plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised in writing (300 East Washington Street, Room 239, Greenville, South Carolina 29601) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

**<u>TO THE CLERK OF COURT</u>**:

The Clerk of Court shall mail a copy of this order and the proper form documents to the plaintiff. If the plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this order, the Clerk of Court shall forward the file to the assigned United States District Judge to determine whether to enter an order of dismissal. *See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, C/A No. 3:07-mc-5015-JFA. If, however, the plaintiff provides this Court with the items specified above, the Clerk of Court should forward the file to the assigned Magistrate Judge to determine if service of process should be authorized.

3

Because the plaintiff's complaint and exhibits are being returned, the Clerk of Court is instructed to file this Order as the initial docket entry in this case, with the caption containing the parties identified above. Additionally, the Clerk of Court is directed to file the following items received with the plaintiff's complaint, because they are in compliance with this order: motion to proceed *in forma pauperis*, receipt showing payment of the filing fee, the answers to the Local Rule 26.01 Interrogatories, and the proposed service documents.

If the plaintiff submits a complaint and/or exhibits to the Clerk of Court for filing in this action that exceeds thirty-five (35) pages, or does not comply with the requirements outlined above, the Clerk of Court is directed to return it unfiled with a deficiency memo via United States mail.

The Clerk of Court shall not enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

**The plaintiff's attention is directed to the important WARNING on the following page.**

IT IS SO ORDERED.

s/ Kevin F. McDonald
United States Magistrate Judge

December 17, 2020
Greenville, South Carolina

# IMPORTANT INFORMATION . . . .PLEASE READ CAREFULLY
# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).