UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF SOUTH CAROLINA

USDC CLERK, GREENVILLE, SC
RECEIVED
2020 DEC 18  PM 1:09

LARRY GOLDEN,

    Plaintiff,

V.

(1) APPLE INC.
(2) SAMSUNG ELECTRONICS, USA
(3) LG ELECTRONICS, USA, INC.
(4) QUALCOMM INC.
(5) MOTOROLA SOLUTIONS INC.
(6) PANASONIC CORPORATION
(7) AT&T INC.
(8) VERIZON CORPORATE SERVICES GROUP
(9) SPRINT CORPORATION
(10) T-MOBILE USA, INC.
(11) FORD GLOBAL TECHNOLOGIES, LLC
(12) FAIRWAY FORD LINCOLN OF GREENVILLE
(13) GENERAL MOTORS COMPANY
(14) KEVIN WHITAKER CHEVROLET
(15) FCA US LLC
(16) BIG O DODGE CHRYSLER JEEP RAM

    Defendants.

CASE NO: 6:20-cv-04353-BHH  KFM

**JURY TRIAL DEMANDED**

December 18, 2020

# PLAINTIFF OBJECTS TO MAJUSTRATE JUDGE McDONALD'S ORDER AND IS REQUESTING THE OPINION OF THE DISTRICT COURT JUDGE, BRUCE HOWE HENDRICKS

This objection is made to the Order of Magistrate Judge Kevin McDonald in Case No. 6:20-cv-04353-BHH-KFM; Dkt. No. 1; filed 12/17/20. The Plaintiff is seeking direction from the Article III, President appointed, Senate approved, District Judge assigned to this case, the Honorable Bruce Howe Hendricks, for the following reasons:

Plaintiff takes offence at the MJ's racist attitude and bias conduct directed against the Plaintiff, who is an African-American. Plaintiff was not asking the Magistrate Judge to recuse himself; the Plaintiff was asking the Court to bar or remove the Judge from any involvement of any current and future filings in this case. *Wheat v. United States*, 486 U.S. 153, 160 (1988) (noting that the federal courts have an "independent interest in ensuring . . . that legal proceedings appear fair to all who observe them.")

History is evidence of the Judge's racist attitude and bias conduct directed against the Plaintiff who is an African-American.

The MJ recommended dismissal of my first file complaint; *Golden v. Apple Inc. et al*, No. 6:19-cv-02557. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (May 21, 2007). "[w]hen analyzing motions to dismiss, courts typically cite to a fifty-year-old discrimination decision, *Conley v. Gibson*, 355 U.S. 41 (1957). In *Conley*, the Supreme Court held that dismissal is proper only where the plaintiff demonstrates in his complaint that he "can prove no set of facts that would entitle him to relief."

When Plaintiff filed the amended complaint, the MJ recommended dismissal because the case is "duplicative" of a case filed in another court. The Circuit Court reversed. When the MJ recommended dismissal because the case is "duplicative", the MJ did so to prevent Plaintiff from filing another amended complaint; he did so to force an appeal on "duplicative

case" rather than on frivolousness. The MJ also recommended the case be dismissed with prejudice.

When Plaintiff filed a case that has a cause of action of a "Violation of Antitrust Laws" the MJ recommended dismissal because he believes a "Violation of Antitrust Laws" is the same cause of action as "Patent Infringement", *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-BHH (D.S.C.). The MJ went on to recommend sanctions if Plaintiff file another case in this Court again. The MJ's decisions are not based on law, which means his decisions and actions are racially motivated.

The MJ continues to lie about the filings. In the current order the MJ states: "this is the plaintiff's third action in this court seeking damages for patent infringement from these defendants and his fifth action in total. *See Golden v. Apple, Inc., et al., C/A No. 6:20-cv-02270-BHH (D.S.C.)*". If we take a look at *Golden v. Apple, Inc., et al., C/A No. 6:20-cv-02270-BHH (D.S.C.)*, what we will find is a cause of action of "Violation of Antitrust Laws", not infringement.

This case is not a third filing of patent infringement. This current case is the result of the previous case being dismissed *without prejudice*. A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. A judge can dismiss a claim with or without prejudice and that dismissal without prejudice is one where the plaintiff is allowed to amend the complaint or refile it. Therefore, Plaintiff refiled the Complaint after correcting the flaws identified by the Circuit Court.

The MJ rejected the long-standing guidelines for refiling after a case has been dismissed without prejudice and decided to inject the guidelines of a *prisoner pro se* in this current order:

> "Under General Order In Re: Procedures in Civil Actions Filed by **Prisoner Pro Se** Litigants, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), the undersigned is giving the

3

plaintiff twenty-one (21) days from the date this order is entered (plus three days for mail time) to: 1) Provide a complaint in compliance with this Order. Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)."

First, Plaintiff is not a *prisoner pro se*. Maybe it is the belief of the MJ that all *pro se* African-Americans who file cases in this Court are either in prison or needs to be in prison. Plaintiff is not a prisoner and is not bound by the provisions that governs *pro se prisoners*.

Second, Plaintiff's complaint is in compliance with the Federal Rule of Civil Procedure 8(a) which requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief so as to give the defendant fair notice of the claim and the ground upon which it rests. What that means is a short and plain statement of the claim, not that the complaint should be short.

> "Some complaints are windy but understandable. Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case. A district court is not "authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). But although "[f]at in a complaint can be ignored", *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998), "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis*, 269 F.3d at 820."

The Supreme Court has interpreted this Federal Rule of Civil Procedure 8(a) to require factual allegations sufficient to demonstrate that a claim is plausible on its face. Plaintiff's complaint includes sixteen (16) defendants; 6 counts; 6 asserted patents; 24 independent claims; 41 dependent claims; and 91 alleged infringing devices, products, or systems. Plaintiff has complied with the provisions of Rule 8(a) by making "a short and plain statement of [each] claim

4

showing that the pleader is entitled to relief so as to give the defendant[s] fair notice of the claim and the ground upon which it rests", **and** "factual allegations sufficient to demonstrate that a claim is plausible on its face". Otherwise, the MJ will either reject the Complaint again, or will push it through only to have it challenged later by the defendants.

The MJ is forcing the Plaintiff to drop the majority of his Complaint by directing the Plaintiff to comply with the motion and supporting memoranda standard, "a supporting memorandum is not required if a full explanation of the motion as set forth in Local Civ. Rule 7.05 (D.S.C.) is contained within the motion and a memorandum would serve no useful purpose… [w]here appropriate, motions shall be accompanied by affidavits or other supporting documents" (Local Civ. Rules 7.04 (D.S.C.)).

The MJ orders "a page limit of thirty-five (35) pages (including the Court's standard complaint form). Local Civ. Rules 7.05(B)(1) (D.S.C.) states: "Thirty-five (35) double-spaced pages, in the case of an initial brief of any party (Local Civ. Rules 7.04, 7.06 (D.S.C.)). Again, Plaintiff has not filed a motion, memorandum or supporting memorandum. Plaintiff is re-filing the same complaint (with corrections of flaws identified by the Circuit Court) filed previously but dismissed without prejudice.

The MJ is rejecting Plaintiff's exhibits and is recommending the Clerk send the documents back to the Plaintiff. "Claim charts have been required with IP court submissions since 1983 following the famous case: *Summagraphics Corporation v. U.S.* to help construct clear claim arguments. The court determined that "Partial Dismissal Order made clear this court's intention that patent claims not delineated in plaintiff's pretrial statement shall no longer be asserted in this case… 'Set as precedent, all litigation that occurs now includes detailed claim charts well before discovery has ended'."

The MJ, who is blinded by his own racism, made a huge mistake in rejecting Plaintiff's exhibits. The first, as stated above, it is long standing precedence to include claim charts with IP court submissions, and second, even if the motion and supporting memoranda standard applied at Local Civ. Rules 7.04 (D.S.C.), at Local Civ. Rules 7.05(B)(1) (D.S.C.) it states, "[t]he pages limitation is exclusive of affidavits, **supporting documentation**, and copies of authority required to be attached by Local Civ. Rule 7.05(C) (D.S.C.)." Therefore, exhibits as supporting documentation is allowed.

Plaintiff is looking to survive the motion to dismiss affirmed by this Court under Federal Rule of Civil Procedure 12(b)(6) by re-filing a new complaint that contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

According to the Magistrate Judge, Plaintiff's previous complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the pleadings did not state a claim for which relief may be granted. The Plaintiff's pleadings have "facial plausibility" when the Plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The only difference between the original complaint and the complaint submitted in this case is the eleven-page explanation at the beginning of the complaint of how the flaws identified by the Circuit Court Judges has been corrected. The only difference in the exhibits is "Exhibit Z"; copies of the Judges' opinions, that the previous case be dismissed without prejudice.

If this Court decides not to reverse the MJ's order, Plaintiff is prepared to file a separate complaint for each defendant. The cost would be tremendous on the Plaintiff but it will be worth it not to have the MJ indirectly dismiss Plaintiff's alleged patent infringement claims. The most

efficient decision for the Court is to allow the Complaint to be entered as is, because in the end the Court will probably end up joining all the cases anyway.

> "April 14, 2011 - Walker Digital, LLC - whose Chairman, Jay Walker, founded priceline.com in the 1990s filed 15 lawsuits against more than 100 defendants, including big names such as Google, Groupon, Sony, Apple, Walmart, Microsoft, eBay, Amazon and Facebook. The lawsuits cover widely-varied aspects of technology. One concern mapping technology and was filed against Apple, Google, TomTom, Samsung, Microsoft and others."

The MJ's actions continue to deprive Plaintiff of his Seventh Amendment right to a trial by jury. For the reasons stated throughout this document, Plaintiff is asking the Court for the recusal or removal of Magistrate Judge McDonald.

Respectfully submitted,

S/ *Larry Golden*     Date: 12 /18 /2020

Larry Golden, Petitioner, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

(H) 864-288-5605 / (M) 864-992-7104

atpg-tech@charter.net