1

RECEIVED
USDC CLERK, GREENVILLE, SC

2021 FEB -1  PM 12: 59

**Chief Judge South Carolina**

The Honorable R. Bryan Harwell
Chief U.S. District Judge
401 West Evans Street
Florence, SC 29501

Courtroom Deputy: (843) 676-3859
Case Administrator: (843) 676-3859
Email Address: harwell_ecf@scd.uscourts.gov

## LEGAL MEMORANDUM

**Relevant Case:** *Golden v. Apple* et al; Case No. 6:20-cv-04353-JD-KFM; "Patent Infringement"

**Related Case:** *Golden v. Apple* et al; Case No. 6-20-cv-02270-JD; "Antitrust Law Violation"

> *District Judge Joe Dawson was just recently assigned to the relevant case and the related case above and is **not** subject to the procedural violations outlined below. The violations are directed to the behavior of Magistrate Judge Kelvin McDonald:*

UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA: INFORMATION ON REPRESENTING YOURSELF IN A CIVIL ACTION (NON-PRISONER) Revised December 1, 2020; NOTICE TO PRO SE PARTIES; "[w]henever a civil case is brought by a pro se party, the *judges* [added emphasis] of this court outline proper procedure so that the pro se party will not be deprived of a fair opportunity to present his or her case" See *Roseboro v. Garrison*, 528 F.2d 309, 310 (4 Cir. 1975).

When a Judge states that a claim for alleged patent infringement is "frivolous" the Judge has declared that the Plaintiff's patent(s) are frivolous. The case is "frivolous" only when the asserted patent entered in the case is expired. None of the patents asserted in the case(s) has expired or have been ruled to be invalid.

There are basically two ways a Defendant (not the Judge) can prove non-infringement: The first, is to prove that literal infringement (the alleged infringing device or product does not read on every limitation of the patent claim) does not exist; or, prove that there's no infringement under the "doctrine of equivalents", which means the alleged infringing device or product infringes because it performs substantially the same function in substantially the same way to obtain the same result. Both are decided by a jury at the trial stage, not by a Magistrate Judge at the pleading stage.

According to the "UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA" if the pro se plaintiff fail to *procedurally* state a claim, it is the responsibility of "the Judges of this court [to] outline proper procedure so that the pro se party will not be deprived of a fair opportunity to present his or her case" See *Roseboro v. Garrison*, 528 F.2d 309, 310 (4 Cir. 1975)". As stated above, it is *NOT* within the Magistrate Judge authority to invalidate the patents of the pro se plaintiff's alleged infringement claim at the pleading stage as "frivolous".

Second, is to prove that the pro se plaintiff's patent(s) that were issued with the presumption of validity, "(a)In General: '[a] patent shall be presumed valid. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity'." 35 U.S. Code § 282 - Presumption of validity; is invalid on the heightened standard of "clear and convincing evidence". In its decision in *Microsoft Corp. v. i4i Limited Partnership*, No. 10-290 (June 9, 2011) the Supreme Court "as juries will continue to be instructed on the heightened evidentiary burden faced by accused infringers... [t]he Court followed the "general rule that a common-law term comes with its common-law meaning." As a result, the Court held that absent indication in the statute otherwise, it was obligated to presume that Congress intended to incorporate the heightened standard of proof when it enacted § 282." Therefore, it is *NOT* within the Magistrate Judge authority to invalidate the patents of the pro se plaintiff's alleged infringement claim at the pleading stage as "frivolous".

When a Judge recommends a case of alleged infringement be dismissed at the pleading stage, without a jury to determine if there's liability for infringement and/or if the patents are invalid, the Judge has overstepped his authority and assumed responsibilities granted a jury. "[J]uries regularly decided the following issues related to validity: (1) whether the invention was new; (2) whether the patentee was the actual inventor of the purported invention; (3) whether the invention was useful; (4) whether the specification accurately described the claimed invention; and (5) whether the specification enabled a person working in the relevant art to construct the item described in it." *On Writ of Certiorari to the United States Court of Appeals for the Federal Circuit BRIEF FOR H. TOMÁS GÓMEZ-AROSTEGUI AND SEAN BOTTOMLEY AS AMICI CURIAE IN SUPPORT OF NEITHER PARTY*. Henceforth, it is *NOT* within the Magistrate Judge authority to invalidate the patents of the pro se plaintiff's alleged infringement claim at the pleading stage as "frivolous".

Magistrate Judge (MJ) Kelvin McDonald is doing everything in his power to have all my case(s) dismissed and kicked out of Court. Instead of "outlin[ing] proper procedure so that the pro se party will not be deprived of a fair opportunity to present his or her case" See *Roseboro v. Garrison*, 528 F.2d 309, 310 (4 Cir. 1975) the MJ has gone so far as to recommend sanctions be placed on me for exercising my right to bring an action against the companies, I believe has infringed my patents and violated Antitrust Laws.

The MJ's duty in the related case *Golden v. Apple* et al; Case No. 6-20-cv-02270-JD; "Antitrust Law Violation" is to "outline proper procedure so that the pro se party will not be deprived of a fair opportunity to present his or her case" See *Roseboro v. Garrison*, 528 F.2d 309, 310 (4 Cir. 1975), not to recommend dismissal and sanctions for filing a case.

Larry Golden  *Larry Golden*  02/01/2021

E-mail: atpg-tech@charter.net
Home: 864-288-5605
Mobile: 864-942-7104