IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Larry Golden, | C/A No. 6:20-cv-04353-JD-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Apple, Inc.; Samsung Electronics, USA; LG Electronics, USA, Inc.; Qualcomm, Inc.; Motorola Solutions, Inc.; Panasonic Corporation; AT&T Inc.; Verizon Corporation Service Group; Sprint Corporation; T-Mobile USA, Inc.; Ford Global Technologies, LLC; Fairway Ford Lincoln of Greenville; General Motors Company; Kevin Whitaker Chevrolet; FCA US LLC; Big 'O' Dodge Chrysler Jeep Ram; | |
| Defendants. | |

The plaintiff, a non-prisoner proceeding *pro se*, brings this action asserting patent infringement by the defendants. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on January 5, 2021 (doc. 10). The case is in proper form. Nevertheless, upon review, the plaintiff's complaint is subject to summary dismissal.

## FACTS PRESENTED

In the instant action, the plaintiff has sued various corporations and business entities that he asserts have infringed on his patents (doc. 10). Specifically, the plaintiff asserts that the defendants have infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent); RE43,990 ('990 patent);

RE43,891 ('891 patent); and 7,385,497 ('497 patent) (docs. 10; 10-1; 10-2; 10-3; 10-4; 10-5; 10-6).  These patents are entitled "multi sensor detection and lock disabling system" and "multi sensor detection, stall to stop and lock disabling system" (docs. 10; 10-1; 10-2; 10-3; 10-4; 10-5; 10-6).  The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other equipment wherein the explosives/radiation are detected.  The plaintiff's complaint alleges infringement of each patent by each defendant in formulaic recitations of the elements of patent infringement (doc. 10).  For relief, the plaintiff seeks a declaratory judgment that the defendants have infringed on his patents, a permanent injunction enjoining the infringing activity by the defendants, as well as money damages (doc. 10 at 6, 33).

## **STANDARD OF REVIEW**

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings.  This court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915.[1]  *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.");

---

[1] The plaintiff paid the full filing fee; thus, this case is not subject to the pre-screening provisions of 28 U.S.C. § 1915.  Additionally, the plaintiff is not a prisoner; thus, the case is not subject to the screening provided for in 28 U.S.C. § 1915A.

*Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (finding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, C/A No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016), *Report and Recommendation adopted by* 2016 WL 8650131 (D.S.C. July 7, 2016), *aff'd* 671 F. App'x 85 (4th Cir. 2016) (mem).

## **DISCUSSION**

Here, the plaintiff returns to this court seeking damages from the defendants for infringement of several patents he holds (*see generally* doc. 10). Relevant to this action, the instant matter represents the plaintiff's fifth[2] action regarding the patents (and infringing actions) at question herein.[3] *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD (D.S.C.) (Report and Recommendation pending recommending summary dismissal as frivolous) ("Case Number 4"); *Golden v. Apple Inc., et al.*, C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), *aff'd* 819 F. App'x 930 (Fed. Cir. 2020), *petition for cert. denied*, --- S.Ct. ----, 2021 WL 78174 (Jan. 11, 2021) ("Case Number 3"); *Golden*

---

[2] Since the filing of this case, the plaintiff has filed a sixth action regarding the patents (and infringing actions) at question herein, although he named only Google LLC as a defendant in the newest action. *See Golden v. Google LLC*, C/A No. 6:21-cv-00244-JD-KFM (D.S.C.).

[3] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

*v. United States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), *dismissal aff'd* 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); *Golden v. United States*, C/A No 1:13-cv-00307-EGB (Fed. Cl.) (motion to dismiss sixth amended complaint pending) ("Case Number 1"); *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited February 4, 2021), petition denied June 25, 2020.

Two of the plaintiff's actions, Case Number 1 and Case Number 2, were brought in the Court of Federal Claims. *See Golden*, C/A No. 1:19-cv-00104-EGB; *Golden*, C/A No 1:13-cv-00307-EGB. The plaintiff filed Case Number 1 on May 1, 2013, in the United States Court of Federal Claims. *Golden*, C/A No. 1:13-cv-00307-EGB at doc. 1. In Case Number 1, the plaintiff alleged patent infringement by the United States Government pursuant to 28 U.S.C. § 1498(a). *Id*. Case Number 1 has a lengthy docket, and during the course of litigation, the plaintiff has filed six amended pleadings and the defendant has filed several substantive motions. *See Golden*, C/A No. 1:13-cv-00307-EBG. Of note, the operative pleading in that action is the sixth amended complaint, which the court allowed the plaintiff to file following a partial grant of a motion to dismiss the plaintiff's fifth amended complaint. *Golden v. United States*, 137 Fed. Cl. 155 (Fed. Cl. Mar. 29, 2018). In that order, Judge Braden referenced correspondence by the plaintiff, which noted that the plaintiff would file a separate action in order to:

> force Apple, Samsung, and LG to decide between one or two choices: (1) In an effort to avoid any responsibility for infringement or liability of paying hundreds of billions of dollars in damages, the companies cho[o]se to throw the Government under the bus by presenting evidence that they were under contract to develop and manufacture devices that infringes my communication/monitoring device. If they cho[o]se this option it makes them a witness for me in my current case (*Larry Golden v. The United States*; Case # 13–307 C). (2) Deny the allegations of infringement. In this case I will present evidence to support the fact that the companies were under contract with the Government to develop and manufacture devices that infringe[ ] my communication / monitoring device, but that the companies decided to continue to develop and manufacture my

4

> communication / monitoring device beyond the specifications agreed upon with the Government, even after I notified the companies in 2010 to stop their manufacturing. If they chos[o]e this option it opens the companies up to willful infringement and the possibility of a temporary injunction to stop the manufacturing and development of my communication / monitoring device. If you were Apple, Samsung, and LG which option would you cho[o]se?

*Golden v. United States*, 137 Fed. Cl. at 168 (alterations in original). After his appeal of the partial dismissal order was denied, the plaintiff filed a motion to stay Case Number 1 because he was seeking additional *inter partes* review of some of the claims of his '990 Patent. *Golden*, C/A No. 1:13-cv-00307-SGB, at doc. 182. The plaintiff's motion was granted on July 18, 2019, and Case Number 1 was stayed. *Id*. at doc. 186. The stay was lifted on October 26, 2020, after the plaintiff's *inter partes* review petition was denied. *Id*. at doc. 193. Pending at this time in that case is a motion to dismiss filed by the defendant in response to the plaintiff's sixth amended complaint. *Id*. at doc. 197.

The plaintiff filed Case Number 2 in the United States Court of Federal Claims on January 17, 2019 during the pendency of Case Number 1. *Golden v. United States*, C/A No. 1:19-cv-00104-EGB, at doc. 1 (Fed. Cl.). Case Number 2 asserted Fifth Amendment takings clause claims against the government for the same patents as in Case Number 1. *Id*. The government moved to dismiss Case Number 2, arguing that the complaint in Case Number 2 was duplicative of the takings clause claims asserted in Case Number 1. *Id*. at doc. 6. On May 14, 2019, the government's motion was granted and Case Number 2 dismissed. *Id*. at doc. 12. The dismissal was affirmed by the United States Court of Appeals for the Federal Circuit. *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020).

On July 2, 2019, through counsel, the plaintiff filed a petition with the United States Patent and Trademark Office ("USPTO") seeking to "Strike *Ultra Vires* Inter Partes Review Certificate from the Prosecution File of RE43,990 Based on *Return Mail v. U.S. Postal Service*." *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited

5

February 4, 2021). On June 25, 2020, the USPTO issued a decision denying the plaintiff's petition. *Id*.

During this same time, on September 11, 2019, the plaintiff filed Case Number 3 in this court, seeking damages from various third-party companies for patent infringement. *See Golden v. Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC (D.S.C.). In that action, the plaintiff sought damages based upon the same patents and infringing actions as in Case Number 1 and Case Number 2, but sought the damages against the third-party companies instead of the government. *Id*. at doc. 1. Case Number 3 was dismissed as being duplicative of Case Number 1. *Id*. at doc. 32. The dismissal was affirmed as modified by the United States Court of Appeals for the Federal Circuit as frivolous. *Golden*, 819 F. App'x 930 (Fed. Cir. 2020), *petition for cert. denied*, --- S.Ct. ----, 2021 WL 78174 (Jan. 11, 2021). In the order, the Court of Appeals noted:

> Golden's amended complaint here, like his initial complaint, even if not duplicative of the earlier filed action against the government, "contains only conclusory formulaic recitations of the elements of patent infringement as to each defendant." Magistrate Judge Initial Order at 5, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 1, 2019), ECF No. 12. Count I of Golden's Amended Complaint, for example, merely states that "at least one of the defendants named in this complaint has infringed at least independent claim 4 & 5 of the '287 patent," Complaint at ¶ 156, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 15, 2019), ECF No. 16-1, followed by generalized statements of infringement by each defendant, *id.* at ¶¶ 157–204, and similar broad infringement allegations for each of Golden's other patents, *id*. at ¶¶ 205–384. The complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant.
>
> The complaint also references "claim charts" for each defendant and each patent. *E.g., id.*, ECF No. 16-14. These claim charts present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures. Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that "the plaintiff's vague and conclusory allegations fail to state a claim for relief." Magistrate Judge Initial Order at 5.

6

*Id*. at *2.

The plaintiff then filed Case Number 4 in this court, seeking damages against many of the same defendants as named in Case Number 3. *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD (D.S.C.). Having unsuccessfully sought patent infringement damages against these defendants in Case Number 3, Case Number 4 sought relief for patent infringement and failure to pay royalties, and the plaintiff attempted to circumvent the court's prior ruling by asserting that the defendants' actions violated the Sherman Act, the Clayton Act, and various South Carolina Laws. *Id*. at doc. 1. On September 11, 2020, the undersigned issued a Report and Recommendation which recommended that Case Number 4 be dismissed as frivolous. *Id*. at doc. 16. The Report and Recommendation remains pending at this time.

On December 17, 2020, the instant matter was opened via proper form order (doc. 1). The order informed the plaintiff that his complaint as submitted (totaling more than 300 pages excluding exhibits) did not comply with Rule 8 of the Federal Rules of Civil Procedure and instructed him to submit a complaint in compliance with the order, totaling no more than 35 pages (*id*. at 2). On January 5, 2021, the plaintiff's complaint was entered on the docket (doc. 10). The complaint seeks damages against many of the same defendants as named in Case Number 3 and Case Number 4 (*id.*). It appears that this action represents the plaintiff's attempt to re-litigate the claims from Case Number 3 because although Case Number 3 was dismissed as frivolous it was dismissed without prejudice.

**Frivolousness**

As noted above, the plaintiff filed this action, which repeats the allegations from Case Number 3, because Case Number 3 was dismissed without prejudice as frivolous. Upon review, however, the plaintiff has not cured the frivolousness of his allegations. In reviewing a complaint for frivolousness or malice, the Court looks to see

7

whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)); *see also Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008).

As noted by this court previously, the plaintiff's patent infringement claims in this action are subject to dismissal because the plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents (*see generally* doc. 10). *See Golden v. Apple, Inc., et al.*, 819 F. App'x at 931 (affirming in Case Number 3 the dismissal of patent infringement claims because the complaint contained only "vague generalities and block quotes of statutes, cases, and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant"). In light of the vague conclusory allegations in the complaint in this action, and the plaintiff's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (noting that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The plaintiff cannot cure the frivolousness of this action by arguing that he was not allowed to submit a complaint long enough to include the necessary factual allegations (doc. 10 at 11 (indicating that additional factual allegations were contained in the material that was returned to the plaintiff for being in violation of "the page limit")).

Indeed, in Case Number 3, the plaintiff's complaint numbered more than 150 pages (not counting exhibits) and his amended complaint numbered more than 250 pages (not counting exhibits) and the matter was still dismissed as frivolous. *See Golden*, *Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC, at docs. 1; 16.  Likewise, Case Number 4, whose complaint numbers more than 80 pages, has a Report and Recommendation pending that recommends it be dismissed as frivolous. *See Golden v. Apple, Inc., et al.*, C/A No. 6:20-cv-02270-JD, at doc. 1.  As recognized by courts in this district, the filing of excessive and unnecessary documents impedes judicial efficiency and the administration of justice. *See Spencer v. Hedges*, 838 F.2d 1210, 1988 WL 9621, at *1 (4th Cir. 1988) (unpublished table decision) (affirming dismissal of a complaint where a plaintiff failed to provide a short and plain statement of a claim under Rule 8); *Hearn v. United States*, C/A No. 3:11-cv-00330, 2011 WL 9378210, at *1 (E.D. Va. June 13, 2011) (memorandum order) (recognizing a prior case where a plaintiff had unduly burdened the court with the filing of excessive and unnecessary frivolous documents); *see also Noonsab v. U.S. Dist. Ct. for the E. Dist. of N.C.*, C/A No. 5:16-CT-3112-FL, 2016 WL 9077878, at *2 (E.D.N.C. June 27, 2016) (warning a *pro se* plaintiff that unnecessary and excessive filings impede judicial efficiency and the administration of justice); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003) (affirming dismissal of complaint consisting of 155 pages and 99 attachments).  As such, the court finds unavailing the plaintiff's assertion that the page limit imposed in this matter affected his ability to state a non-frivolous patent infringement claim.  As such, the instant matter is subject to summary dismissal for frivolousness.

## **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020) (citing *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619 (4th Cir. 2015)*; In re GNC Corp.*, 789 F.3d 505 (4th Cir. 2015); *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342

9

(4th Cir. 2005); *Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993)).  As noted in more detail above, the present action by the plaintiff relies upon allegations in his prior unsuccessful actions and is frivolous.  Thus, the undersigned recommends that the court decline to automatically give the plaintiff leave to amend his complaint.  Accordingly, based upon the foregoing, the Court recommends that the District Court dismiss this action *with* prejudice and without issuance and service of process.

Additionally, because this action represents the plaintiff's third frivolous action in this court based upon alleged patent infringement (and fifth case overall), the undersigned further recommends that the assigned United States District Judge sanction the petitioner $400.00, payable to the Clerk of Court at 300 East Washington Street, Greenville, SC 29601.  It is further recommended that in the event the plaintiff attempts to file another action in this Court before payment of the sanction, the Clerk of Court be authorized to assign civil action numbers (for docket control purposes) so that the undersigned may (1) instruct the plaintiff to pay the sanctions (and if the sanctions are not paid, dismiss the action without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous.  **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

February 5, 2021
Greenville, South Carolina

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).