IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | Case No.: 6:20-cv-04353-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Apple Inc.; Samsung Electronics USA; LG | ) | |
| Electronics USA, Inc.; Qualcomm Inc., | ) | |
| Motorola Solutions, Inc.; Panasonic | ) | |
| Corporation; AT&T Inc.; Verizon | ) | |
| Corporation Service Group; Sprint | ) | |
| Corporation; T-Mobile USA, Inc.; Ford | ) | |
| Global Technologies, LLC; Fairway Ford | ) | |
| Lincoln of Greenville; General Motors | ) | |
| Company; Kevin Whitaker Chevrolet; FCA | ) | |
| US LLC; Big 'O' Dodge Chrysler Jeep | ) | |
| Ram, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Larry Golden ("Golden" or "Plaintiff"), proceeding *pro se*, filed this Complaint alleging patent infringement claims against the captioned Defendants. (DE 10.)

Specifically, Golden asserts that the Defendants have infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent); RE43,990 ('990

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

patent); RE43,891 ('891 patent); and 7,385,497 ('497 patent) (DE 10; 10-1; 10-2; 10-3; 10-4; 10-5; 10-6.) These patents are entitled "multi sensor detection and lock disabling system" and "multi sensor detection, stall to stop and lock disabling system." (DE 10; 10-1; 10-2; 10-3; 10-4; 10-5; 10-6.) The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other equipment wherein the explosives/radiation are detected. The Plaintiff's complaint alleges infringement of each patent by each Defendant in formulaic recitations of the elements of patent infringement. (DE 10.) For relief, the Plaintiff seeks a declaratory judgment that the Defendants have infringed on his patents, a permanent injunction enjoining the infringing activity by the Defendants, as well as money damages. (DE 10, pp. 6, 33.)

This Court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915. See Mallard v. U.S. Dist. Ct., 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)).

Accordingly, on February 5, 2021, the Magistrate Judge issued the Report given his initial review of the pleadings. The Report recommended summary dismissal of the complaint with prejudice and without issuance of service of process or leave to amend his complaint. The Report further recommended that this Court consider the entry of sanctions in the amount of $400.00

against Golden because he has continued to file frivolous litigation in this Court.[2] (DE 20.) In support of the Magistrate's recommendation, the Report took judicial notice that the instant matter represents Golden's fifth unsuccessful action regarding his patents (and infringing actions). See Golden v. Apple, Inc., et al., C/A No. 6:20-cv-02270-JD (D.S.C.) ("Case Number 4"); Golden v. Apple Inc., et al., C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), aff'd C/A No. 20-1508, --- F. App'x ---, 2020 WL 5240656 (Fed. Cir. Sept. 3, 2020) ("Case Number 3"); Golden v. United States, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), dismissal aff'd 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); Golden v. United States, C/A No 1:13-cv-00307- SGB, stayed pending patent review, at doc. 186 (Fed. Cl.) ("Case Number 1"); and In re Patent Number RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited September 26, 2021), petition denied June 25, 2020. The instant complaint seeks damages against many of the same defendants as named in Case Number 3 and Case Number 4; however, it appears that this action represents Golden's attempt to re-litigate the claims from Case Number 3 because Case Number 3 was dismissed as frivolous without prejudice.

Accordingly, the Report recommended dismissal of Plaintiff's complaint because *inter alia* Plaintiff's patent infringement claims are premised on unsuccessful patent infringements claims that have been adjudicated, and even if they were valid, his complaint still fails because "the plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents." (DE 20, p. 8.)

---

[2]  Although this action represents Golden's third frivolous action based upon alleged patent infringement (and fifth case overall) and the Report recommends that this Court sanction Golden $400.00, this Court declines to order sanctions at this time. However, in the event Golden attempts to file another frivolous action in this Court, the Court will consider the imposition of sanctions as warranted.

Golden filed an objection to the Report on February 11, 2021 (DE 23); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff makes the following "objections"[3] to the Report, which the Court will discuss *seriatim*. First, Golden objects to the Report's dismissal of the action as frivolous because he contends he is merely refiling a lawsuit with the deficiencies corrected. Upon review, however, Golden has not cured the frivolousness of his allegations. In reviewing a complaint for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. See Neitzke v. Williams, 490 U.S. 319 (1989). As noted by this Court previously, the Plaintiff's patent infringement claims in this action are subject to dismissal because the Plaintiff has failed to include factual allegations beyond the identities of the Defendants,

---

[3] Although Golden filed a 35-page Objection, most of the document discusses social editorials and citations to laws that do not focus this Court on the factual and legal issues at the heart of the parties' dispute and are, therefore, overruled.

reference to the alleged infringing devices, and the alleged infringed-upon patents. (DE 10; see also Golden v. Apple, Inc., et al., 819 F. App'x at 931 (affirming in Case Number 3 the dismissal of patent infringement claims because the complaint contained only "vague generalities and block quotes of statutes, cases, and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant"). For instance, Golden's amended complaint alleges in Count I that

> On information and belief, Apple is jointly, directly, indirectly and/or under the 'doctrine of equivalents', infringing at least claim 5 of the '287 patent. The alleged infringing products are: iPhone 7 series, iPhone 8 series, iPhone X series, iPhone XS series, iPhone XR series, iPhone 11 series, iPhone 12 series and Apple Watch series 3, 4, & 5.

(DE 10, ¶ 28.) Golden also attached the '287 Patent to his complaint as an exhibit but offers no additional facts regarding the same. However, simply naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the "plausibility" standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although Golden cites a district court opinion in the Central District of California (albeit not binding precedence) to support his claim that his pleadings are sufficient because he attached his patents just as the plaintiff in that case, his reliance and application of this authority misses the mark. See InCom Corp. v. Walt Disney Co., No. CV15-3011 PSG (MRWx), 2016 U.S. Dist. LEXIS 71319, at *8 (C.D. Cal. Feb. 4, 2016) (where the district court found that plaintiff's amended complaint did more than name a product and baldly conclude that it infringes plaintiff's patent, but that plaintiff attached the patents and described *inter alia* how "its Attendance Tracking System uses RFID technology and ID badges to track human presence in large volumes."). Even applying InCom as purported by Golden, Golden's amended complaint does not (among other things) describe specific systems developed and manufactured by Apple that are like Golden's '287 Patent and how the systems perform the same unique function as Golden's system or assert facts

regarding the availability of his technology prior to his invention.[4]  In light of the vague conclusory allegations in the complaint in this action, and Golden's attempt to circumvent the prior dismissals of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous. Although this Court agrees with the Report that Plaintiff's amended complaint should be dismissed because it is frivolous, the Court declines to dismiss the amended complaint with prejudice. Moreover, given the Court's modification of the Report, the Court declines to impose sanctions. Furthermore, the Court finds Golden's remaining objections to be non-specific and/or moot and, therefore, overrules them.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without the issuance of service of process.

---

[4]     The Court is mindful of the Magistrate's previous order (DE 1) imposing a thirty-five (35) page limit for Plaintiff's complaint and notifying him that his case is not in proper form for service because *inter alia* Rule 8, Fed. R. Civ. P., requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff previously filed his complaint and exhibits numbering more than 300 pages. While Plaintiff's current complaint totals 34 pages and he has raised an objection to the 35-page limit imposed by the Magistrate, this Court modifies the Magistrate's previous order and the Report and hereby lifts the 35-page limit restriction for an amended complaint.

Although the Court has lifted this restriction, the Court notes that Golden's complaint in Case Number 3 numbered more than 150 pages (not counting exhibits) and his amended complaint numbered more than 250 pages (not counting exhibits) and the matter was still dismissed as frivolous. See Golden, Apple, Inc., et al., C/A No. 6:19-cv-02557-DCC. Likewise, Case Number 4, whose complaint numbers more than 80 pages, has equally been dismissed as frivolous. See Golden v. Apple, Inc., et al., C/A No. 6:20-cv-02270-JD. The lifting of the restriction should not be taken as an *imprimatur* for a successful no page limit complaint. As a reminder, the filing of excessive and unnecessary documents impedes judicial efficiency and the administration of justice. See Spencer v. Hedges, 838 F.2d 1210, 1988 WL 9621, at *1 (4th Cir. 1988) (unpublished table decision) (affirming dismissal of a complaint where a plaintiff failed to provide a short and plain statement of a claim under Rule 8). As Golden has experienced in his previous cases, ". . . length and complexity may doom a complaint by obfuscating the claim's essence." United States v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)

**AND IT IS SO ORDERED.**

                                                                              Joseph Dawson, III
                                                                              United States District Judge

Greenville, South Carolina
November 2, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

7